6:22mj5

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Snap Inc. (hereinafter, the "Provider")**

To the extent that the information associated with Snapchat usernames **swifthardhead90** and **swiftslime** (hereinafter, the "Subject Accounts") is within the possession, custody, or control of Provider, including any messages, records, files, logs, or information that have been deleted but are still available to Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

(a) All stored communications and other information or records in your possession (to include, if available, account access information, event histories including dates and times, connection dates, times and locations, connection IP information, message content, graphics files, or attachments), whether physical, stored on electronic media, or temporarily extant on any computer or server, reflecting communications to or from the Subject Accounts between the dates of May 19, 2021 and June 9, 2021;

(b) All files that were created and/or accessed the Subject Accounts between the dates of May 19, 2021 and June 9, 2021; or that were controlled by user accounts associated with the Subject Accounts between the dates of May 19, 2021 and June 9, 2021;

(c) The identifiers and all available information for any other email account(s) associated with the Subject Accounts between the dates of May 19, 2021 and June 9, 2021;

(d)   All connection logs and records of user message activity for the Subject Accounts between the dates of May 19, 2021 and June 9, 2021, including: (1) Transmitter/Sender identifier (i.e., addresses and/or IP address); (2) Connection date and time; (3) Method of connection (telnet, ftp, http); (4) Data transfer volume; (5) Username associated with the connection and other connection information, including the IP address of the source of the connection; and (6) Account subscriber identification records.

(e)   Other user accounts associated with, referenced in or accessed by the Subject Accounts between the dates of May 19, 2021 and June 9, 2021;

(f)   Address books and contact lists, if available, for the Subject Accounts between the dates of May 19, 2021 and June 9, 2021;

(g)   All records and other evidence relating to the subscriber(s), customer(s), account holder(s), or other entity(ies) associated with the Subject Accounts, including, without limitation, subscriber names, user names, screen names or other identities, addresses, residential addresses, business addresses, and other contact information, telephone numbers or other subscriber number or identifier number, billing records, information about the length of service and the types of services the subscriber or customer utilized, and any other identifying information, whether such records or other evidence are in electronic or other form.

(h)   All records pertaining to communications between Provider and any person regarding the Subject Accounts, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

    II.    **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 922(a)(6), 18 U.S.C. § 371, and 18 U.S.C. § 922(g)(1) involving Cortez O'Bryan BAILEY since May 19, 2021, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a) The identities of users who engaged in firearms transactions with the Subject Accounts or any person operating the Subject Accounts;

    (b) the identity of the person who created the Subject Accounts;

    (c) images or videos of firearms;

    (d) direct messages relating to firearms;

    (e) geolocation information related to posts related to the possession or acquisition of firearms;

    (f) geolocation information related to images and videos of firearms;

    (g) All names or aliases used for the following the Subject Accounts;

    (h) The identity of the person(s) who created or used the Subject Accounts; and

    (i) The identity of the person(s) who communicated with the Subject Accounts about matters relating to firearms and/or the illegal acquisition or possession thereof, including records that help reveal their whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by [**PROVIDER**], and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of [**PROVIDER**]. The attached records consist of _____ [**GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)**]. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of [**PROVIDER**], and they were made by [**PROVIDER**] as a regular practice; and

b. such records were generated by [**PROVIDER'S**] electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of [**PROVIDER**] in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____        _____
Date                                                              Signature